IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PABLO FIGUEROA, individually and on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ME RESTAURANT OF BUCKHEAD LLC, KARAM ENTERPRISES, LLC, and JOSEPH KARAM, <br><br> Defendants. | CIVIL ACTION FILE NO. _____ <br><br> **JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Pablo Figueroa, on behalf of himself and all others similarly situated (collectively, "Plaintiffs"), hereby files this complaint against Defendant ME Restaurant of Buckhead, LLC ("MERB"), Karam Enterprises, LLC ("KE"), and Joseph Karam for damages and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## THE PARTIES

1.

Defendant MERB is a domestic for-profit corporation doing business as Red Pepper Taqueria ("Red Pepper") and operating a store under that name at 3133 Piedmont Road Atlanta, GA 30305 (the "Buckhead location"). Defendant

is engaged in interstate commerce and upon information and belief, has annual sales made or business done in excess of $500,000. At all relevant times, Defendant is, and has been an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(d). Moreover, its employees are engaged in work constituting engagement in interstate commerce or work relating thereto.

**2.**

Defendant KE is a domestic for-profit corporation also doing business as Red Pepper Taqueria and operating another store under that name at 4555 Ashford Dunwoody Road, Dunwoody, GA, 30346 (the "Dunwoody location"). Defendant is engaged in interstate commerce and upon information and belief, has annual sales made or business done in excess of $500,000. At all relevant times, Defendant is, and has been an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(d). Moreover, its employees are engaged in work constituting engagement in interstate commerce or work relating thereto.

**3.**

Defendant Joseph Karam is an individual listed as an officer of Defendant KE. At all relevant times he exerted organizational control over KE and acted to deprive Plaintiffs of overtime as described herein.

**4.**

Plaintiffs were jointly employed as cooks by KE and MERB at various Red Pepper locations throughout the metro Atlanta area, including at the Buckhead location, the Dunwoody location, a location at 2149 Briarcliff Road Atlanta, GA 30329 and at 705 Town Blvd Q310 Brookhaven, GA 30319.

**5.**

Though KE and MERB are separate corporate entities, they each had an employment relationship with the Plaintiffs and jointly determined several of the essential terms of their employment relationship, such as their schedules, which Red Pepper locations they would work on a particular day, their pay, and their uniforms, among other things. Plaintiffs were economically dependent on each of the Defendants.

## JURISDICTION AND VENUE

**6.**

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

**7.**

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because Defendant MERB resides at 3133 Piedmont Road Atlanta, GA 30305 and Defendant KE and Defendant Karam reside at 4555 Ashford Dunwoody Road, Dunwoody, GA, 30346.

**STATEMENT OF FACTS**

8.

Plaintiffs were cooks at the restaurant chain Red Pepper Taqueria at various intervals from about September 2021 to the present.

9.

Plaintiffs regularly worked overtime during their employment by Defendants. Beginning in September 2021, however, Defendants conspired to schedule Plaintiffs in such a way that limited or eliminated the hours that each entity would pay as overtime by splitting their working time between KE and MERB.

10.

For example, during the pay period beginning on August 21, 2022 and ending on September 4, 2022, Plaintiff Figueroa worked 71.97 hours as a Red Pepper cook for MERB and was paid at his normal hourly rate of $17.50. However, he also worked 42.63 hours also as a Red Pepper cook for KE during that same interval for which he was paid the same hourly rate. Plaintiff Figueroa was not paid at an overtime rate for any of the at least 34.6 hours of overtime that he worked for Defendants during that pay period.

11.

Defendants accomplished this scheme in a number of ways, which included coordinating to shuffle Plaintiffs' schedules so that they worked at

multiple Red Pepper locations and thus different business entities in a single workweek or by directing Plaintiffs to clock in a store operated by one corporate entity and go to work at store owned by another other.

## COUNT I
## PLAINTIFFS' OVERTIME CLAIM
*As to All Defendants*

**12.**

Plaintiffs incorporate by reference Paragraphs 1 through 11 as if fully set forth herein.

**13.**

The FLSA requires that employers shall not employ employees "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 USCS § 207 (a) (1).

**14.**

Defendant MERB and Defendant KE jointly employed Plaintiffs as they both employed each of Plaintiffs and codetermined essential terms and conditions of their employment.

**15.**

Defendant Karam is individually liable for the actions of the corporate Defendants because he exerted organizational control over them and acted

intentionally to deprive them overtime as described herein.

**16.**

At all times within three years of the filing of this Complaint, Defendants willfully failed to properly compensate Plaintiff Figueroa and similarly situated current and former hourly Red Pepper cooks for overtime.

**17.**

Plaintiff Figueroa files this action on behalf of himself and others similarly situated. The proposed FLSA Overtime Collective Action is defined as follows:

> All persons who worked for Defendants who were not paid all overtime for all hours worked over 40 in a workweek because their working time was recorded as for multiple corporate entities that in actuality jointly employed them.

**18.**

Defendants willfully engaged in a pattern of violating the FLSA within the meaning of 29 U.S.C. § 255.

**19.**

Notice should be sent to the FLSA collective members not already named herein. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

**20.**

Plaintiffs seek back pay, liquidated damages, interest and attorneys' fees and costs incurred in connection with this claim.

**WHEREFORE** Plaintiffs respectfully request judgment in their favor on each count in this Complaint and demand:

1. A Jury Trial;

2. Judgment in Plaintiff's and the Collective's favor and against Defendants under all claims in this Complaint;

3. Designation of this action as a collective action on behalf of the proposed class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the classes apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

4. Order Defendants to make whole Plaintiff and the collective by providing them with out-of-pocket losses as well as back pay in an amount equal to the sum of wages, salary, employment benefits and other compensation denied or lost as a result of Defendants' unlawful acts, together with interest thereon, all in an amount to be proven at trial;

5. Statutory damages and penalties under the FLSA;

6. Grant Plaintiffs liquidated damages for Defendants' willful and

intentional violations;

7. Grant Plaintiffs their reasonable attorney's fees and all other fees and costs associated with this action;

8. Interest; and

9. Such other and further relief as is just and proper.

This 18th day of April 2024.

*/s/ S. Graham White*
James M. McCabe
Georgia Bar No. 724618
Graham White
Georgia Bar No. 535538
The McCabe Law Firm, LLC
3355 Lenox Road
Suite 750
Atlanta, GA  30326
Office: (404) 250-3233
Fax: (404) 400-1724
jim@mccabe-lawfirm.com

Attorney for Plaintiff and Those Similarly Situated